UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
SEAN CARR,                                       :
                                                 :
              Petitioner,          :          10 Civ. 5123 (TPG)
                                                 :
   – against –                                  :          **OPINION**
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
              Respondent.         :
                                                 :
------------------------------------------------x

      This is a motion under 28 U.S.C. § 2255 to vacate the conviction of petitioner, Sean Carr. The Government has answered the motion. There is no merit to the motion and it is denied.

      Earlier, on May 5, 2010, Carr moved for appointment of counsel. That motion is also denied.

      The Government has submitted a thorough memorandum describing the procedural history, and also summarizing the evidence at the trial.

      Carr makes two points in his motion, each one designed to support the argument that he was deprived of effective assistance of counsel. The first is that his attorney failed to call as a defense witness Peter Rollack, who would have allegedly exonerated Carr. The second is that his lawyer failed to effectively cross-examine a prosecution witness, Emilio Romero.

As to the Rollack matter, the circumstances provided no assurance whatever that Rollack would have given testimony which actually assisted Carr, and even if he had done so, he would have been subject to cross-examination which the court has already found would have been "devastating." Defense counsel exercised sound judgment in not calling Rollack.

The argument regarding the cross-examination of Romero is somewhat obscure. Romero, called as a prosecution witness, had been interviewed at the United States Attorney's office. Apparently, a woman by the name of Ortiz had also been to the U.S. Attorney's office and had seen Romero there. Romero testified that Ortiz had visited him once at the U.S. Attorney's office. Prior to any further questioning on this subject, the Government asked for a side bar. At the side bar, the Government attorney disclosed that certain witnesses' families had been relocated for safety purposes and that Ortiz was at the U.S. Attorney's office for that reason. Carr's attorney agreed not to continue the line of questioning.

Carr now alleges that his attorney had evidence, in the form of letters, to the effect that Ortiz made more than one visit to the U.S. Attorney's office. Carr argues that the subject should have been pursued by his attorney to impeach Romero. There is no merit to this argument. The defense attorney was surely well-advised to avoid cross-examination, which would have revealed that prosecution witnesses were under threat

and were being protected.  As far as impeachment value is concerned, this would have been trivial at best.  Defense counsel cross-examined Romero and other prosecution witnesses in a thoroughly professional manner, bringing out points of real substance.  Carr's claim of deficient cross-examination of Romero is without merit.

## Conclusion

The motion under 28 U.S.C. § 2255 is denied.  Because Carr has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

The motion for appointment of counsel is denied.

SO ORDERED.

Dated:  New York, New York
        January 3, 2011

Thomas P. Griesa
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/03/11